1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
TREVOR J. INGOLD, SB# 193227
2 |   E-Mail: Trevor.Ingold@lewisbrisbois.com
V. ALAN ARSHANSKY, SB# 251644
3 |   E-Mail: Alan.Arshansky@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 | Los Angeles, California 90071
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendant,
INSTANT BRANDS, INC.
7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 | CHRISTIE BALDERAS, an individual,

12 |        Plaintiff,

13 |       vs.

14 | INSTANT BRANDS, INC., a Canadian
Corporation,
15 |        Defendant.

16

17

Case No. 5:22-cv-00877-JGB-KK

**STIPULATED PROTECTIVE ORDER**

Judge:  Honorable Jesus G. Bernal

Trial Date: November 14, 2023

18 |      The parties, having reviewed and agreed to the contents herein, hereby agree to

19 | this Protective Order in regard to certain discovery material to be made available by

20 | Plaintiff Christie Balderas ("Plaintiff") and Defendant Instant Brands Inc.

21 | ("Defendant") (collectively the "Parties"), as described in more detail below.

22 | <u>Good Cause Statement</u>

23 |      This Order is being entered into by the Parties with respect to discovery

24 | material in this matter which includes medical records, trade secrets, and confidential,

25 | technical, proprietary and non-public documents and information, the public

26 | disclosure of which could be detrimental to the interests of Plaintiff, Defendant,

27 | and/or related entities; documents which may contain information that is personal and

28 | confidential to third parties, including individuals; and documents and information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).  The above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential,  non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties have modified and revised the instant protective order pursuant to the Court's Order dated January 4, 2023.

THEREFORE, AGREEING THAT THE PROTECTIVE ORDER OUTWEIGH ANY COUNTERVAILING FACTORS AND FOR GOOD CAUSE SHOWN, THE PARTIES HEREBY AGREE that the following Protective Order shall govern discovery in the above-captioned matter, as follows:

**1.**   **DEFINITIONS**

1.1    "Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2    "Confidential Information" means any information the disclosure of which would create a substantial risk of legal, regulatory, competitive, financial, privacy or other injury or violation.   "Confidential Information" shall include documents, testimony or tangible things that (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contain private or confidential personal information, or (c) contain information received in confidence from third parties, or (d) contain information the Producing Party believes in good faith to be entitled to protection.  Documents or materials that concern, reflect, embody or constitute the foregoing may include, but

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

shall not be limited to, trade secret, research, design, development, financial, technical, marketing, planning, personal, or commercial information in the form of correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto.

1.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

1.5   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

1.6   Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced in disclosures or responses to discovery in this matter.

1.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

1.8   House Counsel:  attorneys who are employees of a Party to this action.

1.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.10   Outside Counsel of Record:  attorneys who are retained to represent or advise a Party to this action, and who have appeared in this action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party.

1.11   Party:  any party to this action, including all of its officers, directors, and employees.

1.12   Producing Party:  a Party or Non-Party that produces Discovery Material in this action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

1.14   Protected Material: any Discovery Material containing Confidential Information that is designated as "CONFIDENTIAL" by a Producing Party.

1.15   Receiving Party:  a Party that receives Discovery Material from a Producing Party.

2.   **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge and the Stipulated Protective Order does not govern the use of Protected Material at trial.

3.   **DURATION**

This Protective Order shall continue to be binding after the conclusion of this proceeding, and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

4

STIPULATED PROTECTIVE ORDER

1  Court for relief from the provisions of this Protective Order.  To the extent permitted
2  by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this
3  Protective Order, even after the proceeding is terminated.

4  Within ninety (90) days after the final termination of litigation between the
5  Parties, or upon written request made within thirty (30) days after a dismissal,
6  settlement, or other termination of the proceeding, the Parties shall have thirty (30)
7  days to either (a) promptly return to counsel for each Designating Party all Protected
8  Materials, and all copies thereof, in the possession of the Party, their attorneys, agents,
9  experts, consultants, or any other person who has signed a Non-Disclosure Agreement
10 in the form of Exhibit A (except that counsel for each party may maintain in its files,
11 in continuing compliance with the terms of this Protective Order, all work product,
12 and one copy of each pleading filed with the Court and one copy of each deposition
13 together with the exhibits marked at the deposition), or (b) destroy in a secure manner
14 such Protected Materials and all copies thereof.

### 4.   DESIGNATING PROTECTED MATERIALS

15
16  4.1  The Designating Party shall have the right to designate as Confidential
17 Information any document, testimony or information, or portion of any document,
18 testimony or information that: (a) contains trade secrets, competitively-sensitive
19 technical, marketing, financial, sales or other confidential business information; (b)
20 contains private or confidential personal information; (c)  contains information
21 received in confidence from third parties; or (d) which the producing party otherwise
22 believes in good faith to be entitled to protection.  Each party that designates
23 information or items for protection under this Protective Order must take care to limit
24 any such designation to specific material that qualifies as Confidential Information.

25  The entry of this Order does not alter, waive, modify, or abridge any right,
26 privilege, or protection or objection otherwise available to any Party with respect to
27 the discovery of matters, including but not limited to any Party's right to assert
28 objections based on relevancy, materiality, the attorney-client privilege, the attorney

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1
5
STIPULATED PROTECTIVE ORDER

work product doctrine, or any other privileges or state or federal privacy rights of the Party or Non-Parties, or any Party's right to contest any such assertion.

Any documents, testimony or information to be designated as Confidential Information must be clearly so designated before the document, testimony or information is disclosed or produced.  The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.   <u>Designating Confidential Documents</u>:  For Discovery Material in the form of documents, the Designating Party must affix a legend stating "CONFIDENTIAL" on each page of any document containing such designated Confidential Information.  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection, and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Confidential Information.

b.   <u>Designating Confidential Testimony</u>:  For Confidential Information contained in testimony given in depositions or in pretrial hearings, the Designating Party may either:

i.      identify on the record, before the close of the deposition, all confidential testimony by specifying all portions of the testimony that qualify as Confidential Information; or

ii.      designate all confidential testimony, by specifying by page-and-line designations for portions of the testimony that qualify as Confidential Information within thirty (30) days following receipt of the deposition transcript, or at such other time mutually agreed upon by the parties.

In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing Confidential Information shall be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" as instructed by the Designating Party.

Until confidentiality designations are communicated to the Receiving Party, testimony in depositions or court proceedings must be treated by the Receiving Party as Protected Material, and only used in accordance with the terms of this Protective Order regarding use and dissemination of Protected Material.

c.      <u>Designating Tangible Items</u>:  For tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the confidential portions.

d.      <u>Mass Exhibits and Designations</u>:  Mass, indiscriminate, or routinized designations are prohibited.

4.2      <u>Inadvertent Failure to Designate</u>:  An inadvertent failure to designate Confidential Information does not waive a Party's right to designate such material as confidential under this Protective Order.  Upon receiving notice from a Designating Party of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Protective Order, and must advise the Designating Party of any dissemination or communication of the information or items in question (including the name and contact information of any party who has received such information or items). Upon receiving notice from a Designating Party of an inadvertent failure to designate, the Receiving Party must also contact such party within 48 hours after receiving notice to inform the party of the confidentiality designation, and the need to comply with the terms of this Protective Order.

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

In the event that a Receiving Party objects to a particular designation(s), such party shall advise counsel for the Designating Party in writing within fourteen (14) days of receipt of the Designating Party's designations of such objections, including the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The Designating Party shall respond, in writing, within fourteen (14) days to such objections.  The parties shall then meet and confer in an attempt to resolve any Designation Objections within ten (10) days after the Designating Party's response to the Receiving Party's Designation Objections.  If the dispute between the parties is not resolved by the meet and confer, the Designating Party shall have fourteen (14) days after the meet and confer to file a motion with the Court seeking to uphold any or all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion").  Any such motion challenging a party's designation of material as Confidential Information, seeking to retain confidentiality, seeking to resolve a claim of privilege, or seeking to modify or amend the proposed protective order will be brought in strict compliance with Local Civil Rules 37-1 and 37-2, including the Joint Stipulation requirement.

Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Designation Motion shall remain in place.  The Designating Party shall have the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8

STIPULATED PROTECTIVE ORDER

burden on any Designation Motion of establishing the applicability of its confidentiality designation.  In the event that the Receiving Party does not agree after the meet and confer to the designations challenged in the Designation Objections, and such designations are not thereafter raised by the Designating Party in a Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

## 6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

Access to and/or disclosure of Protected Material shall be permitted only to the following persons:

a.   the Court and its officers and staff;

b.   Outside Counsel of  Record and House Counsel (including the paralegal, clerical and secretarial staff employed by such counsel).  Each non-lawyer given access to Protected Material shall be advised that such Protected Material is being disclosed pursuant to the terms of this Protective Order, and that such material may not be disclosed other than pursuant to its terms;

c.   court reporters, recorders, and videographers in this proceeding (whether at depositions, hearings, or any other proceeding);

d.   any deposition, trial or hearing witness in the proceeding who previously has had access to the Confidential Information.

e.   any deposition or non-trial hearing witness in the proceeding who previously did not have access to the Confidential Information, provided, however, that each such witness given access to Protected Material shall be advised that such Protected Material is being disclosed subject to the terms of this Protective Order; that they may not be disclosed other than pursuant to its terms; and that any such witness shall be given a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form of Exhibit A attached hereto;

f.   mock jury participants; provided, however, that prior to the disclosure of Protected Material to any such mock jury participant, counsel for the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1
9
STIPULATED PROTECTIVE ORDER

Party making the disclosure shall deliver a copy of this and Protective Order to such person, shall explain that such person is bound to follow the terms of such Protective Order, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

g.      experts or expert consultants retained and consulted by the Parties or their counsel in connection with this proceeding; provided, however, that prior to the disclosure of Protected Material to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

h.      the Jury, at the time of trial;

i.      any mediator mutually agreed to by the parties to assist in settlement discussions; provided, however, that prior to the disclosure of Protected Material to any such person, the Parties shall deliver a copy of this Protective Order to such person, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A;

j.      Graphics, translation, or design services retained by counsel of record in this proceeding, provided that an authorized representative of the services company has signed a Non-Disclosure Agreement in the form of Exhibit A, and who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto ;

k.      Commercial copy vendors retained by counsel of record in this action for purposes of this litigation; provided, however, that prior to the disclosure of Protected Material to any such vendors, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such vendors, shall explain that such vendors are bound to follow the terms of such Protective Order, and shall secure the signature of such person on a Non-Disclosure Agreement in the form of Exhibit A.  A

signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto shall be sufficient;

l.      any other person that the Designating Party agrees to in writing, and who is informed that he or she is bound by the terms of this Protective Order, and who signs a Non-Disclosure Agreement in the form of Exhibit A.

Counsel for the party seeking to disclose Protected Material to any person pursuant to this Protective Order shall be responsible for retaining the executed originals or copies of all required Non-Disclosure Agreements.  Copies of any Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants, and mock jury participants) shall be provided to counsel for the Designating Parties or Non-Parties upon the request of the Designating Parties or Non-Parties.

If any Protected Material disclosed by a Designating Party under the terms of this Protective Order is disclosed by a Receiving Party to any person other than in the manner authorized by this Protective Order, the Receiving Party responsible for the disclosure shall bring all pertinent facts relating to the disclosure to the immediate attention of the Designating Party, and the Receiving Party then shall be responsible for retrieving such Protected Material immediately, and shall take whatever further steps may be necessary under the circumstances to prevent further dissemination and/or use of such Protected Material (including requesting the unauthorized party who has received the Protected Material to sign a Non-Disclosure Agreement in the form of Exhibit A).

Any Party may ask the Court, after appropriate notice to the other Parties to the proceeding, to modify or grant relief from any provision of this Protective Order.

Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

a.      operate as an admission by a Receiving Party that any particular

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1
11
STIPULATED PROTECTIVE ORDER

document, testimony or information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        b.     prejudice in any way the right of any Party:

              i.     to seek a determination by the Court of whether any particular documents, testimony or tangible things should be subject to protection as Confidential Information under the terms of this Protective Order;

              ii.     to seek relief from the Court on appropriate notice to all other parties to the proceeding from any provision(s) of this Protective Order, either generally or with respect to any particular documents, testimony or tangible things;

              iii.     to raise any objection regarding admissibility of particular documents, testimony or tangible things; or

              iv.     to petition the Court for a further protective order relating to any confidential information or material.

Any party to the proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to the Order by having its counsel's sign and date a copy thereof, filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Protective Order.

Any documents, testimony or tangible things produced by a Non-Party during discovery which meets the definition of "Confidential Information" contained herein may be designated by such Non-Party as Protected Material under the terms of this Protective Order, and any such designation by a Non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall constitute consent by such producing Non-Party to the authority of the Court in this proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation(s), or any other matter otherwise arising under this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

12

STIPULATED PROTECTIVE ORDER

Protective Order.

Nothing in this Protective Order shall be construed to preclude any party from asserting that certain Confidential Information requires additional protection.  If a Designating Party asserts the need for additional protection, the parties shall meet and confer to agree upon the terms of such additional protection.

This Protective Order is entered into without prejudice to the right of any Designating Party to knowingly waive the applicability of this Protective Order to any Confidential Information designated by that party.

## 7.  **FILING PROTECTED MATERIAL**

Where any Protected Material is included in any filing in this proceeding (such as summaries of information, deposition testimony, expert materials, etc.), such filing shall be filed under seal in compliance with the requirements of the Court's local rules, including Local Rule 79-5.  The parties understand that Protected Material may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

The parties shall meet and confer regarding the procedures for use of Protected Material at trial, and shall move the Court for entry of an appropriate order, as described in Paragraph 2.

Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any party to seek judicial review, or to pursue other appropriate judicial action, with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

## 8.  **PROTECTED MATERIAL DEMANDED BY SUBPOENA, COURT ORDER OR OTHER LEGAL PROCESS**

If Receiving Party subject to this Protective Order receives a subpoena, court order, or other legal process from any person, governmental entity, or other entity

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

13

STIPULATED PROTECTIVE ORDER

demanding production of Protected Material covered by this Protective Order, the recipient of such subpoena, court order or legal process shall immediately give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to Counsel of Record for the Designating Party, and shall furnish such counsel with a copy of the subpoena, court order, or legal process.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena or legal process; seek a protective order preventing production; or otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such Protected Material from the person or entity seeking such Protected Material to the fullest extent available under law.  The recipient of the subpoena, court order or legal process may not produce any documents, testimony or tangible things covered by this Protective Order pursuant to the subpoena, court order or legal process prior to the date specified for production on the subpoena, court order, or legal process.  The recipient of the subpoena, court order or legal process must also notify within two days of receipt of the subpoena, court order or legal process in writing the party who caused the subpoena, court order or legal process to issue that some or all of the material covered by the subpoena, court order or legal process is subject to this Protective Order.  Such notification shall include a copy of this Protective Order.

The parties affirmatively and unequivocally state that nothing in the protective order shall be construed as authorizing or encouraging a party to disobey a lawful subpoena or court order issued in another action.

## 9.   **A NON-PARTY'S CONFIDENTIAL INFORMATION SOUGHT TO BE PRODUCED IN THIS LITIGATION**

In the event that a Party is requested to produce a Non-Party's Confidential Information in its possession, then the Party shall:

(1)  promptly notify in writing the requesting party and the Non-Party that some or all of the information requested may be Protected Material;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   (2)  promptly provide the Non-Party with a copy of this Protective Order,

2   and the relevant discovery request(s); and

3   (3)  make the information requested available for inspection by the Non-

4   Party.

5   If the Non-Party fails to object or seek a protective order from this court

6   within 14 days of receiving the notice and accompanying information, the Party may

7   produce the Non-Party's Confidential Information responsive to the discovery

8   request.  If the Non-Party moves for a protective order within the time period the Party

9   is required to produce the information, the Party shall not produce any information in

10  its possession or control before a determination by the Court, and the Requesting Party

11  shall abstain from filing a motion to compel such discovery before a determination by

12  the Court of the Non-Party's motion for a protective order.  Absent a court order to

13  the contrary, the Non-Party shall bear the burden and expense of seeking protection

14  in this court of its Confidential Information.

15  **10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

16  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material to any person or in any circumstance not authorized under this

18  Protective Order, the Receiving Party must within two days (a) notify in writing the

19  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

20  all unauthorized copies of the Protected Material, (c) inform the person or persons to

21  whom unauthorized disclosures were made of all the terms of this Order, and (d)

22  request such person or persons to execute the "Acknowledgment and Agreement to

23  Be Bound" that is attached hereto as Exhibit A.

24  **11.   <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS</u>**

25  If material subject to a claim of privilege under the attorney-client privilege,

26  the attorney work-product doctrine, or the common-interest privilege is inadvertently

27  produced, such production shall in no way prejudice or constitute a waiver of, or

28  estoppel as to, any claim that the material is privileged or otherwise protected from

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

disclosure in this case or in any other state or federal proceeding.  If a Producing Party discovers that it has inadvertently produced material that is subject to a claim of privilege, that party may provide written notice to the Receiving Party that the material was inadvertently produced.  Such notice shall be deemed to comply with the Producing Party's obligation to take reasonable steps to rectify inadvertent disclosure.

If there is notice of inadvertent production by the Producing Party, or if materials reasonably appear to the Receiving Party to be subject to claims of privilege, and appear to have been inadvertently produced, the Receiving Party shall refrain from reading the produced materials and shall promptly return to the Producing Party such material (and all copies thereof) within its possession, custody, or control.  In addition, the Receiving Party shall destroy all notes or work product reflecting the contents of such material, and shall not use such material, or the information contained therein, for any purpose in this proceeding or in any other proceeding.

If the Receiving Party contests the legitimacy of a claim of privilege, such party must first consult in good faith with the Producing Party, and if such consultation does not resolve the dispute, the Receiving Party may seek a determination of the claim from the Court by making a motion within thirty (30) days of receiving notice of the privilege claim, and presenting the information to the court under seal.  Any such motion seeking to resolve a claim of privilege, or seeking to modify or amend the proposed protective order will be brought in strict compliance with Local Civil Rules 37-1 and 37-2, including the Joint Stipulation requirement.  The parties understand that Protected Material may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

Until the legitimacy of the claim of privilege is resolved, the Receiving Party shall preserve the information and keep it confidential.  If the Court determines that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

16

STIPULATED PROTECTIVE ORDER

the information is not protected from discovery by a privilege or immunity, but the information is nonetheless designated as Protected Material by the Producing Party, then the information and documents will be maintained as confidential under this Protective Order.

## 12.  **DATA PRIVACY AND SECURITY**

Protected Material must be stored and maintained by a Receiving Party at a location, and in a secure manner, that ensures that access is limited to the persons authorized under this Protective Order.  Receiving Parties shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, unauthorized access, disclosure, alteration and destruction.  Protected Material that is transmitted to persons allowed to have access under this Order shall be transmitted only on devices or media (e.g., laptop, tablet, USB drive) that are encrypted with access limited to persons entitled to access Protected Material under this Protective Order.  Electronic delivery of Protected Material shall be by secure File Transfer Protocol, encrypted email, encrypted zip file or encrypted PDF, and addressed only to persons entitled to access Protected Materials under this Protective Order.

## 13.  **MISCELLANEOUS**

13.1  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.2  This Protective Order has no effect upon, and shall not apply to, Designating Parties' use of their own Confidential Information for any purpose.

13.3  If additional parties join this lawsuit, they must not be given access to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

17

STIPULATED PROTECTIVE ORDER

Protected Materials unless they execute and file with the Court their written agreement to be bound by this Protective Order.

13.4   The parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Protective Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

## 14.   VIOLATION OF THIS AGREEMENT

Any party who violates the terms of this Protective Order shall be liable for any damages caused to the Producing Party by such violation.  In addition to money damages, a party whose rights under this Protective Order have been violated may pursue injunctive relief and/or sanctions from the Court.

**IT IS SO STIPULATED.**

DATED:  January 18, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  _____/s/ V. Alan Arshansky_____
V. ALAN ARSHANSKY
Attorneys for Defendant INSTANT
BRANDS, INC.

DATED:  January 18, 2023        JOHNSON BECKER, PLLC


By:  _____/s/ Adam J. Kress_____
ADAM J. KRESS
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>ATTESTATION</u>

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 18, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By:  ____/s/  V. Alan Arshansky____
                                      V. Alan Arshansky
                                      Attorneys for Defendant INSTANT
                                      BRANDS, INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January 19, 2023

                                 _____
                                 The Honorable Kenly Kiya Kato
                                 United States District Court Judge

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Protective Order that was issued by the

United States District Court for the Central District of California on _____[DATE]

in the case of Christie Balderas v. Instant Brands Inc., 5:22-cv-00877-JGB-KK.   I

agree to comply with and to be bound by all the terms of this Protective Order, and I

understand and acknowledge that failure to so comply could expose me to monetary

damages, sanctions and punishment in the nature of contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions

of this Order.  I further agree to submit to the jurisdiction of for the purpose of enforcing

the terms of this Protective Order, even if such enforcement proceedings occur after

termination of this action.


I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my agent for service of process in connection with this action or

any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on this 18th day of January, 2023, I electronically filed the

3   foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court

4   using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| 5  Adam J. Kress | Attorney for Plaintiff, CHRISTIE BALDERAS |
|     Kenneth W. Pearson | |
| 6  JOHNSON BECKER, PLLC | |
|     444 Cedar Street, Suite 1800 | Telephone: (612) 436-1908 |
| 7  Saint Paul, MN 55101 | Facsimile:  (612) 436-1801 |
| | Email: akress@johnsonbecker.com; |
| 8 | kpearson@johnsonbecker.com |
|     Jordon R. Harlan | |
| 9  HARLAN LAW PC | Attorneys for Plaintiff, CHRISTIE BALDERAS |
|     2447 Pacific Coast Highway, 2nd Floor | |
| 10 Hermosa Beach, CA 90254 | |
| | Telephone: (619) 870-0802 |
| 11 | Facsimile:  (619) 870-0815 |
| | Email: jordon@harlanpc.com |

12

13

14                                  /s/ V. Alan Arshansky

15                                V. Alan Arshansky

                                Attorneys for Defendant,  INSTANT

16                                BRANDS INC.

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4875-7991-4055.1

21

STIPULATED PROTECTIVE ORDER
